UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW CLARK S.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 23-cv-06009-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the decision of the Administrative Law Judge (ALJ) finding him not disabled. Dkt. 1, Complaint.

## I.   ISSUES FOR REVIEW

1. Whether the ALJ Properly Evaluated Plaintiff's Subjective Symptom Testimony
2. Whether the ALJ Properly Evaluated Medical Opinion Evidence
3. Whether the ALJ Properly Evaluated Lay Witness Testimony
4. Whether the Court Should Remand for an Award of Benefits

## II.   BACKGROUND

Plaintiff filed an application for DIB in March 2022, alleging an onset date of December 1, 2020. AR 65, 76. Plaintiff's application was denied initially and on reconsideration. AR 74, 86. The ALJ held a hearing on June 6, 2023 (AR 32–63) and issued a decision on July 19, 2023 finding plaintiff not disabled. AR 14–31.

In relevant part, the ALJ determined plaintiff has the residual functional capacity (RFC) to perform light work, "except he is able to understand, remember, and carry out simple instructions and tasks." AR 21. The ALJ also determined plaintiff "is able to use judgment to make simple work-related decisions." *Id.* The ALJ assessed plaintiff "can have no[] contact with the public," "is capable of working in proximity to, but not in coordination with, coworkers," and "can have occasional [*sic*] with supervisors."[1] *Id.*

### III.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV.  DISCUSSION

A. Whether the ALJ Properly Evaluated Plaintiff's Subjective Symptom Testimony

---

[1] It appears the ALJ omitted a word from this sentence.

2

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a plaintiff's credibility, the ALJ must determine whether plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear, and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff testified he is unable to work due to his depression, anxiety, and post-traumatic stress disorder ("PTSD"). AR 51. He explained he has a hard time focusing and learning things he is unfamiliar with. AR 52. He stated he is anxious around people he does not know and is "pretty guarded all the time."[2] *Id*.

The ALJ found plaintiff's statements "concerning the intensity, persistence and limiting effects of [his] symptoms … not entirely consistent with the medical evidence and other evidence in the record." AR 22. The ALJ first explained that plaintiff's activities of daily living and ability to travel "reflect a greater level of functioning than alleged." *Id*. An ALJ may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level. *See Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir.

---

[2] Plaintiff also testified to symptoms relating to his physical health, but challenges only the ALJ's evaluation of his mental health symptoms. *See* Dkt. 7 at 4–10.

2012); *Lingenfelter*, 504 F.3d at 1040. Here, the ALJ fails to demonstrate how plaintiff's abilities with cleaning and fishing are inconsistent with his testimony regarding his depression and anxiety; there is nothing to indicate these activities require being around or interacting with people he does not know. Plaintiff testified that he lives in a "fifth wheel" on four acres near Port Angeles, Washington, he has a dog there, he visits with a few very close friends he has known during military service, and he catches fish in the saltwater Straits of Juan de Fuca near his neighbor's property that is close by. AR 37-44. His spouse lives in Bremerton during the week but joins him at their property near Port Angeles on the weekends. AR 38. The ALJ also pointed out plaintiff's travels, but again does not explain how driving to Idaho and flying to Alaska, while accompanied by a few close friends, are at odds with plaintiff's statements.

In discounting plaintiff's testimony, the ALJ also considered the disability determination dated January 5, 2021, of the United States Department of Veterans Affairs ("VA"); the VA found plaintiff meets the "housebound criteria." AR 22, 278, 288-289. The ALJ commented on the VA rating, giving an opinion the VA rating was not supported by plaintiff's activities of daily living and ability to travel. AR 22. Yet the VA has its own rules and standards in determining disability. *See Kitchen v. Kijakazi,* 82 F.4th 732, 738-739 (9th Cir. 2023) (observing that under the 2017 regulations, SSA will not provide any analysis about another agency's decision because such decisions are not inherently persuasive or valuable); 20 C.F.R. §§ 404.1504, 1520b(c)(1).

The record shows that plaintiff was on active duty in the U.S. Navy for 10 years, eight months, he received combat medals and meritorious medals; and he re-established care with the VA for his mental health conditions in September 2020. AR

575-579, 658, 662, 725. The record shows that the VA found plaintiff 100% disabled, based on an assessment that found depressive disorder, and a secondary finding of alcohol use disorder, based on an examiner's report from an assessment of plaintiff on December 23, 2020. AR 289, 722-729.

The ALJ's decision does not discuss any VA examination conducted on December 23, 2020. AR 23-25. The record shows a VA examination in September 2020, which is consistent with plaintiff's testimony about having strokes, and depression symptoms and limitations. AR 658, 821-831. In addition, the assessment by the VA (Dr. Richard Cader, PhD.) dated December 23, 2020 is consistent with plaintiff's testimony. AR 722-729 (AR 722-723).This December 2020 documentation was not discussed by the ALJ in relation to the plaintiff's credibility; the ALJ cites two pages of the 12-23-2020 VA assessment, AR 20, 23 (citing, but not discussing VA psychological medical assessment of 12-23-2020, AR 723, 727).

The ALJ was required to consider the evidence considered by the VA as part of the VA's assessment and determination, 20 C.F.R. §§ 404.1504, 1520(c),1529. But the ALJ's decision does not discuss the underlying evidence concerning the VA's decision, or how that evidence provides information about intensity and severity of plaintiff's mental health symptoms. *See Pardini v. O'Malley,* No. 23-15955, 2024 WL 2862580, at *2 (9th Cir. June 4, 2024) (unpublished) (ALJ carefully considered medical records from VA sources and therefore complied with 20 C.F.R. § 404.1504; the ALJ did not err by failing to address the VA rating).

Defendant argues that the ALJ properly discounted plaintiff's statements about symptoms and limitations, because the ALJ noted a decrease in plaintiff's symptoms, including his poor concentration and forgetfulness from his treatment. Dkt. 9 at 4–5.

Evidence that medical treatment helped a claimant "return to a level of function close to the level of function they had before they developed symptoms or signs of their mental disorders . . . can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (internal quotations omitted). Yet the ALJ's decision does not make such a conclusion and therefore the Court declines to affirm the ALJ's analysis based on this reason. *Ferguson v. O'Malley*, 95 F.4th 1194, 1203 (9th Cir. 2024) ("A district court errs by affirming a reason the ALJ did not assert."); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)) (finding the court may only affirm an ALJ's decision based on the reasons actually given, "not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

Here, the ALJ cited evidence of plaintiff's diagnoses and a list of his medications without explaining what information in the diagnoses or medication list is inconsistent with plaintiff's statements. AR 23–24. While an ALJ is not required to "perform a line-by-line exegesis," "'providing a summary of medical evidence ... is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible." *Lambert v. Saul*, 980 F.3d 1266, 1277–78 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)).

The ALJ's reasoning for discounting plaintiff's statements falls short of the clear and convincing standard. "The standard isn't whether our court is convinced, but instead

whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). In this case, the rationale is unsupported; therefore, it is neither clear enough, nor convincing enough, to have the power to convince.

B. <u>Whether the ALJ Properly Evaluated Medical Opinion Evidence</u>

Plaintiff contends the ALJ erred in evaluating the medical opinions of (1) Dr. Gerald Gardner and (2) Dr. Bruce Duthie.[3] Dkt. 7 at 10–12.

For applications filed after March 27, 2017, such as plaintiff's, an ALJ must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 404.1520c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R. § 404.1520c(c)(1), (c)(2). Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

    1. Dr. Gardner

State agency examiner Dr. Gardner reviewed plaintiff's record and noted plaintiff's PTSD diagnosis. AR 79. Dr. Gardner wrote that it is "reasonable to believe

---

[3] Though Plaintiff mentions the ALJ's evaluation of Dr. Patricia Kraft's opinion, plaintiff does not make any substantive argument regarding whether the ALJ erred in finding it partially persuasive. *See* Dkt. 7 at 12. The Court therefore does not consider this assertion.

7

[plaintiff] may have some occasional CPP [concertation, persistence, and pace] … issues." *Id*. In another part of Dr. Gardner's examination, Dr. Gardner opined plaintiff has the concentration, pace, and persistence to perform detailed tasks during a normal workday/workweek. AR 85. Dr. Gardner further opined that while plaintiff's mental health impairments symptoms "may reduce stress tolerance at times," they would not do so such that plaintiff would be prevented from working on a "regular and continuing basis." *Id*. The ALJ found Dr. Gardner's opinion "generally persuasive." AR 24.

Plaintiff does not challenge the ALJ's evaluation of Dr. Gardner's opinion, but instead contends that because the ALJ found it persuasive, the Court should remand the case for an award of benefits. Dkt.[4] 7 at 11. Plaintiff's argument relies on – Dr. Gardner's notation regarding plaintiff's "occasional CPP issues," and the vocational expert ("VE") – who testified that a person who is "off task 10 percent or more" would be precluded from competitive employment.[5] AR 58.

Defendant argues Dr. Gardner's statement is not a medical opinion. Dkt. 9 at 11.

A medical opinion "is a statement from a medical source about what [the claimant] can still do despite [the claimant's] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions" in physical and demands of work activities, such as maintaining concentration, persistence, or pace. *See* 20 C.F.R. § 404.1513(a)(2). Dr. Gardner's statement that it is "reasonable to believe [plaintiff] may have some occasional" CPP issues, while descriptive of plaintiff's

---

[4] Because plaintiff did not independently argue any challenge the ALJ's evaluation of Dr. Gardner's medical opinion, the Court does not consider whether it was erroneous.

[5] Social Security Ruling ("SSR") 83-10, the authority cited by plaintiff, defines "occasional" as "occurring from very little up to one-third of the time." Dkt. 7 at 11.

symptoms, does not assertively indicate what plaintiff is able to do, despite that condition—therefore, it does not fit within the regulation's definition of a medical opinion.

Even assuming for purposes of this analysis that Dr. Gardner's statement should be categorized as a medical opinion pursuant to regulations, "occasional," as defined by plaintiff's cited authority, means "*up to* one-third of the time," meaning plaintiff's CPP issues could be occurring less than one-third of the time. *See* SSR 83-10 (emphasis added). The record does not indicate, and plaintiff does not show, whether Dr. Gardner found plaintiff's issues with CPP meet or exceed the one-third threshold. Therefore, it is unclear if plaintiff would be off task "10 percent or more" and precluded from competitive employment. For these reasons, and for the reasons discussed below, *infra* Section IV.E., the plaintiff's contention that the appropriate remedy would be remand for an award of benefits is not supported by the law or facts in this case.

2.   Dr. Duthie

Dr. Duthie completed a psychological report and found plaintiff has no "difficulty with understanding, remembering, and carrying out simple or complex instructions." AR 618. Dr. Duthie also opined plaintiff "has the ability to make judgments on simple or complex work-related decisions." *Id*. Dr. Duthie further opined plaintiff "will have no difficulty interacting appropriately with the public, supervisors and coworkers," and with "responding appropriately to usual work situations and to changes in a routine work setting." *Id*.

The ALJ found Dr. Duthie's opinion "generally persuasive," explaining "[n]o more than moderate mental limitations is supported by Dr. Duthie's own examination findings that the claimant was cooperative and had adequate memory, an intact fund of

knowledge, intact concentration, and good insight, judgment, and impulse control." AR 25 (citing AR 618).

Plaintiff first contends the ALJ erred because Dr. Duthie made no findings of "'moderate' limitations." Dkt. 7 at 12. Yet, the ALJ's decision does not find that Dr. Duthie opined plaintiff had moderate limitations—instead, the decision explains that plaintiff did not need more restrictive limitations than those included in plaintiff's RFC based on Dr. Duthie's persuasive opinion. AR 19.

Plaintiff next contends the ALJ had no basis for finding Dr. Duthie's opinion persuasive because the ALJ found plaintiff had a severe depressive disorder, PTSD, and anxiety at step two, and then assessed plaintiff would have the RFC to carry out simple instructions and tasks, make simple work decisions, and have limited to no interaction with the public and coworkers. Dkt. 7 at 12 (citing AR 19, 21).

First, plaintiff's argument does not take into account that the ALJ's evaluation of whether an impairment is severe at step two, and the evaluation of medical opinion evidence in deciding on an RFC, involve separate aspects of the disability evaluation process. *See* 20 C.F.R. 404.1520(a)(4). At step two, the ALJ considers the medical severity of a claimant's impairments as threshold decision to screen out weak claims. *Buck v. Berryhill,* 869 F.3d 1040, 1048-1049 (9th Cir. 2017); 20 C.F.R. § 404.1520(a)(4)(ii). This is different from step four, where the ALJ must evaluate medical opinion evidence by considering the factors provided under 20 C.F.R. § 404.1520c(c), with supportability and consistency being the most important. *Woods*, 32 F.4th at 791; 20 C.F.R. § 404.1520(e)("We will assess and make a finding about your [RFC] based on all the relevant medical and other evidence….").

Second, plaintiff makes a conclusory allegation that the ALJ erred in finding Dr. Duthie's opinions to be generally persuasive, but does not argue there was any error in the ALJ's consideration of the supportability and consistency factors concerning Dr. Duthie's opinion. *See* Dkt. 7 at 12. "[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). Here, Dr. Duthie's findings regarding plaintiff's difficulty with cognition, concentration, memory, following instructions, adaptation, and interaction are reflected in plaintiff's RFC. However, as further explained below, *infra*, Section IV.E., because the ALJ committed errors elsewhere in the decision, there will be a need to reassess plaintiff's RFC on remand.

C. <u>Whether the ALJ Properly Evaluated Lay Witness Testimony</u>

For applications filed on or after March 27, 2017, such as this one, an ALJ is "not required to articulate" how they evaluated evidence from non-medical sources such as family members. 20 C.F.R. § 404.1502(e). The Ninth Circuit has not yet clarified whether an ALJ must provide "germane reasons" for discounting lay witness testimony under the 2017 regulations, but in unpublished opinions it continues to apply this standard. *See, e.g.*, *Stephens v. Kijakazi,* No. 22-25998, 2023 WL 6937296, at *2 (9th Cir. Oct. 20, 2023) ("We have not yet addressed whether under the new regulations an ALJ is still required to provide germane reasons for discounting lay witnesses."), *MacArthur v. Kijakazi*, No. 23-35050, 2023 WL 8519119, at *2 (9th Cir. Dec. 8, 2023) ("An ALJ may discount lay witness opinion evidence by providing reasons germane to each witness for doing so.") (citing *Molina*, 674 F.3d at 1111) (internal quotations

omitted); *Eichenberger v. Kijakazi*, No. 22-35937, 2023 WL 5928483, at *2 (9th Cir. Sept. 12, 2023) (affirming the ALJ's discounting of lay witness testimony based on the germane reason standard); *Alexander v. Kijakazi*, No. 22-35737, 2023 WL 4490340, at *2 (9th Cir. July 12, 2023) (same).

In this case, plaintiff's spouse completed two function reports detailing plaintiff's problems with his memory, concentration, anxiety, ability to follow instructions, and ability to complete tasks. AR 227–28, 272–73. Plaintiff contends the ALJ erred in discounting these reports based on their "limited persuasive value in determining specific vocational limitations." Dkt. 7 at 13; AR 25.

The purpose of lay witness testimony, as suggested by its name, is not to provide "specific vocational limitations," like a medical opinion would. The lay witness reports are evidence that requires consideration because they are often from eyewitnesses, such as family members, who can independently attest to "observations of the claimant's pain and other symptoms." *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993). The report in this case details how plaintiff's impairments affect both his physical and mental abilities. AR 227(noting how long plaintiff can walk or pay attention), 272 (same). Thus, in discounting lay witness testimony, the ALJ erred.

D. Harmless Error

An error that is inconsequential to the non-disability determination is harmless. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ result in an RFC that does not include relevant work-related limitations, the RFC is deficient, and the error is not harmless. *Id* at 1052, 1054*; see also, Carmickle,* 533 F.3d at 1160; *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-*

*Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished). This causes incomplete hypothetical questions to be presented to the VE. *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012). And if, in determining a claimant is not disabled, the ALJ relies on the answers provided by the VE—as the ALJ did here—the ALJ's disability determination would necessarily be impacted. *See id*.

Here, the ALJ's errors in considering plaintiff's testimony about mental health symptoms and limitations, and lay witness testimony, are not harmless, as their proper evaluation could very well alter the ALJ's RFC assessment, hypothetical questions to the VE, and thus the ALJ's overall decision that plaintiff is not disabled.

E. <u>Whether the Court Should Reverse with a Direction to Award Benefits</u>

Plaintiff asks that the Court remand for an award of benefits. Dkt. 7 at 14–16.

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly

> discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).  The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. *Leon*, 80 F.3d at 1045.

Plaintiff meets one of the elements, as the Court has found the ALJ erred in discounting plaintiff's testimony and lay witness testimony, but the analysis stops there. "[A] reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1106 (9th Cir. 2014). The Court, instead, must first "assess whether there are outstanding issues requiring resolution before considering whether to hold that the claimant's testimony is credible as a matter of law." *Id.* at 1105. Only if there are no outstanding issues can the Court determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.

Here, plaintiff's and lay witness testimony regarding plaintiff's anxiety, concentration, memory, and how they affect his ability to work remain contradicted by other evidence in the record, including the opinions of Dr. Gardner and Dr. Duthie. It is the responsibility of the ALJ to resolve such conflicting evidence. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Accordingly, the Court finds that remanding for further proceedings, rather than for an award of benefits, the appropriate remedy.

V.   CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings. On remand, the ALJ is instructed to allow plaintiff a *de novo* hearing and the opportunity to present additional evidence. The ALJ shall consider the evidence anew, reevaluate plaintiff's symptom testimony, and lay witness testimony, and proceed with the five-step evaluation.

Dated this 28th day of August, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge